Hunter *v.* Hoole.

---

## HUNTER *v.* HOOLE *et al.*

WHERE, in suit before a Justice of the Peace, defendant answers disputing plaintiff's claim, and afterwards, on a day set for trial—plaintiff being present, but defendant absent, and no one appearing for him—the Justice renders judgment for plaintiff, without evidence and "by default," as the docket reads: *Held,* that if the Justice erred in his judgment, either upon the merits or as to form, the remedy is by appeal, and that such error cannot be corrected by bill in equity to set aside the judgment and enjoin execution and sale thereon.

APPEAL from the Seventeenth District.

Bill in equity to enjoin proceedings under an execution issued upon a judgment rendered by a Justice of the Peace in favor of defendant Hoole and against plaintiff. The facts are as follows: December 5th, 1859, defendant Hoole began suit against plaintiff before said Justice for two hundred dollars, for work and labor done and materials furnished, by filing a complaint not verified. On the ninth of the same month—the return day of the summons—defendant Hoole appeared and filed his answer, admitting the work and labor and materials, but averring that the work was not done according to a special contract set out, and moved an adjournment, which was granted; and subsequently, another adjournment having been also granted, on defendants' motion, to April 5th, 1860, on that day plaintiff appeared for trial, defendant being absent. The Justice makes the following entry in his docket:

"April 5th, 1860 ; case called at two o'clock, P. M., of this day. S. F. Hoole, plaintiff, appeared and answered to call; neither defendant A. K. Hunter nor any person for him, appeared in answer to call; whereupon judgment is hereby rendered by default against

the said defendant A. K. Hunter, and in favor of said plaintiff, S. F. Hoole, for the sum of two hundred dollars and the costs of the suit, taxed at forty-eight dollars."

June 18th, 1860, execution was issued on this judgment, and levied by defendant Cooper, the Constable, on a certain house and lot of plaintiff, and a sale thereof advertised.

The complaint in this suit avers the above facts, and also that plaintiff is not and was not indebted to Hoole as claimed in the suit before the Justice, and had a meritorious defense ; that he, with his attorney and witnesses, was prevented by " a terrible storm " from being present on the day fixed for trial ; that the Justice rendered judgment without any evidence ; that he, plaintiff, is solvent, able and willing to pay all his debts, and that Hoole is insolvent ; that the judgment is void, and a sale of the property seized will do plaintiff irreparable injury.   Prayer for an injunction against all proceedings under the execution, and for general relief.

The answer denies that the judgment in question was rendered without evidence, or that Hunter was not indebted to Hoole ; and avers that the " storm " was insufficient to have kept plaintiff herein from the trial ; and that defendant's answer in that case admitted the debt, and did not sufficiently set out the special contract relied on in defense.

The Court below held the judgment to be void, and granted a perpetual injunction as prayed.

Defendants appeal.


*Vanclief & Pratt*, for Appellants.

I.   The Justice had complete jurisdiction over the parties and the subject matter at the time of the rendition of the judgment, which is within his jurisdiction, and therefore it is not a nullity. The most that can be claimed against the judgment is, that it is irregular ; and for error or irregularity committed by the Justice, the remedy was a motion for new trial in the Justice's Court and an appeal to the County Court.   (7 Cal. 12, 50 ; 12 Id. 440 ; Prac. Act, sec. 586 ; 4 Selden, 279 ; 1 Id. 571 ; 2 Am. Leading Cases, 734.)

*Platt & Cowdry*, for Respondent.

Issue was joined in the Justice's Court, and this defendant having appeared and answered, the power or jurisdiction of the Justice, if the defendant did not appear on the day of the trial, was limited to proceed in a certain manner, to wit: hear evidence and render such judgment as appeared just. The Justice having no power to render judgment " by default " and without evidence, it is void, and being void, we may attack it collaterally. (1 Prac. Act, secs. 586, 592, 593, 594; 2 Greene's Iowa Reports, 33, 35, 36, 117, 118; 1 Peters, 340 ; 2 Id. 157, 163, 169 ; 10 Id. 471, 472, 473, 474, 476, 477 ; 2 Condensed Reports Supreme Court U. S. 100, 101.)

We say, that the term " judgment by default " has its legal signification and meaning, and the Court is to take the statement in the record as meaning what it says.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The Justice had jurisdiction of the subject, and the mere form in which he entered the judgment, the parties being before the Court, is immaterial, so far as the powers of a Court of Equity are concerned. If the Justice erred in his judgment, upon the merits or as to form, the proper way to correct the error was by appeal ; but this error could not be corrected by a proceeding in equity to set aside plaintiff's judgment upon the facts stated in the complaint.

Judgment reversed, and the Court below ordered to dismiss the proceedings.